**In re Rocky Dwayne SHEFFIELD, Debtor.**

**Rocky Dwayne Sheffield, Plaintiff,**

**v.**

**Homeside Lending, Inc., Defendant.**

**Bankruptcy No. 97–10511–MAM. Adversary No. 99–1124.**

United States Bankruptcy Court, S.D. Alabama.

Sept. 21, 2001.

Steve Olen and Steven L. Nicholas, Mobile, AL, for Plaintiffs.

Jeffery J. Hartley, Mobile, AL, Thomas M. Hefferon, Washington, DC, for Defendants.

## ORDER DENYING OBJECTION TO TRIAL OF SUBCLASS 2 CLAIMS

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on the objection of HomeSide Lending, Inc. to trial of subclass 2 claims. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is denying the objection and will try the issues certified as to the subclass 2 claims of plaintiffs commencing on November 28, *2001.*

### FACTS

This is a chapter 13 debtor class action lawsuit commenced in June 1999. The Court has certified two classes of plaintiffs. Subclass 2 is described as follows:

Subclass 2. All bankruptcy debtors who have filed a Chapter 13 petition on or after January 1, 1994(1) who had proofs of claim filed in their cases by Defendant HomeSide; (2) who had these fees collected or posted to their accounts in some way by Defendant HomeSide after filing bankruptcy; and (3) where the bankruptcy work was referred from, and/or directed in whole or in part by LOGS Financial Services, Inc., and LOGS was paid a fee by the attorney to whom the bankruptcy work was referred.

The Court previously denied HomeSide's motion to dismiss claims underlying subclass 2 in an order dated July 31, *2001.* The case was originally set for trial commencing on October 1, *2001.* The trial date has been reset to November 28, *2001.* On September 6, *2001,* plaintiffs stated in an interrogatory answer as follows:

(a) The fee assessed necessarily included as a component part of the LOGS fee which is illegally charged and in furtherance of the unauthorized practice of law. As such, the assessed fee is used to pay the illegal charge which establishes that the assessed fee is not reasonable in amount, and is further illegal and improper. . . .

### LAW

HomeSide seeks to preclude trial as to subclass 2 for three reasons: ( 1) There is a lack of time to prepare for what HomeSide contends is a new issue raised in interrogatory answers from plaintiffs on September 6, *2001;* (2) The interrogatory answer raises new grounds for dismissal of the claims as not being within the subclass 2 certified by the Court previously; and (3) The interrogatory answer raises new grounds for dismissal of the claims as improper for class certification at all. The Court will respond to the issues in turn, combining issues two and three.

### 1.

The issue of lack of time to prepare is essentially mooted by the new trial date.

Counsel for HomeSide, Thomas Hefferon, indicated that the continued date did moot this issue.

## 2.

█ The more serious concern is whether the interrogatory answer raises new issues for trial and, if it does raise new issues, whether they are appropriate for class certification. The Court concludes that the interrogatory does not raise new issues; it only clarifies or gives more depth to the claims already made by plaintiffs.

The plaintiffs have always asserted that the attorneys fees-all attorneys fees-charged by HomeSide were not properly disclosed and were unreasonable and for either or both reasons the fees are uncollectible. This Court concludes that if the fees charged would be uncollectible under some or all states' laws or lawyers' conduct codes because the fees are illegal or the work prohibited, then that is evidence of the fees' unreasonability. It is also evidence of why the fees must be disclosed fully.

█ The defendant is correct that this Court should not conclude and enter a judgment in this action declaring that any entity violated the unauthorized practice of law requirements of any particular state. Such an action would be beyond the jurisdiction of this Court and would not be an issue properly certified as part of a nationwide class. Each state's interest in policing the practice of law for its own citizens would make such a determination improper.

However, this Court can find a fee unreasonable or improperly disclosed based in part on what states consider to be inappropriate behavior by nonlawyers. A finding of improper conduct could surely make a fee unreasonable. As a general proposition, nonlawyers performing lawyers' tasks could make a fee unreasonably high if charged at lawyer rates. As a general proposition calling a fee an attorneys fee in a proof of claim when it is being paid to a nonattorney may make a disclosure inappropriate. The Court can consider the evidence in light of these propositions without making any ultimate findings on whether any action violated any or all states' requirements for the authorized practice of law.

HomeSide argues that assessing damages against HomeSide for a third party's unauthorized practice of law, if it exists, would be improper. This Court agrees. The damages, if any, awarded against HomeSide will be based on what fees HomeSide assessed against debtors' accounts and whether those fees were properly assessed, i.e., were they properly disclosed and were they reasonable? HomeSide can and should be held responsible for the charges it claimed were properly owed because it properly included them in its proofs of claim. Any attorneys or nonattorneys who were authorized to prepare the claims and perform other bankruptcy services for HomeSide are HomeSide's agents. However, HomeSide will not be required to bear any of the damages or costs for which any third party might be liable because of any unauthorized practice of law.

IT IS ORDERED that the objection of HomeSide Lending, Inc. to trial on subclass 2 claims is DENIED.